IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DUNLAP CROSSING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES HOGENDOBLER, <br><br> Defendant. | Case No. 7:25cv471-MFU-CKM |

## PLAINTIFF DUNLAP CROSSING'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(b), 26(c), 30(b)(1), and 37(a)(5)(A), Plaintiff Dunlap Crossing, LLC ("Dunlap Crossing") files this Motion for Protective Order ("Motion"). At approximately 7:30 p.m. on Tuesday, January 13, 2026, counsel for Defendant James Hogendobler served a Notice of Deposition under Federal Rule of Civil Procedure 30(b)(1) for the deposition of Robert E. Rich, Jr., the "Managing Agent" of Dunlap Crossing. Ex. 1. Mr. Hogendobler noticed the deposition for January 15, 2026, at 9:00 a.m., in Florida City, Florida. *Id.* Counsel later claimed this was error, and midday on January 14, 2026 re-noticed the deposition for January 28, 2026. Ex. 2.

Dunlap Crossing seeks a protective order prohibiting Mr. Rich's deposition. A protective order is warranted because, by his own admission, Mr. Hogendobler seeks a deposition of Dunlap Crossing's highest-ranking corporate executive. Under the Apex Doctrine, the Court (and multiple courts in the Fourth Circuit generally) recognizes a rebuttable presumption that such a request constitutes good cause for a protective order as an annoyance or undue burden within the meaning of Rule 26(c)(1). That is particularly the case under the circumstances here. Likewise, this

discovery is not proportional to the needs of this case, as Mr. Rich has no special, specific, or unique knowledge of the conditions of Dunlap Creek and the harm Mr. Hogendobler's boulder dam has caused, and will cause, Dunlap Crossing's land, nor does he have any information bearing on Mr. Hogendobler's purported and vague defenses.

For these reasons, and those explained in the accompanying brief in support of this Motion, the Court should grant the Motion, and award Dunlap Crossing its reasonable expenses incurred in litigating this Motion pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5)(A).

The undersigned certifies that it conferred in good faith with Mr. Hogendobler's counsel to attempt to resolve the issues prevented in this Motion, but was unsuccessful.

Dated:  January 16, 2026

                          Respectfully submitted,

                          **DUNLAP CROSSING, LLC**

                          */s/ Garrett H. Hooe*
                          Garrett H. Hooe (VSB No. 83983)
                          Nicholas J. Giles (VSB No. 86584)
                          Patrick F. Dillard (VSB No. 89119)
                          McGuireWoods LLP
                          Gateway Plaza
                          800 East Canal Street
                          Richmond, VA 23219
                          Tel. 804-775-1000
                          ghooe@mcguirewoods.com
                          ngiles@mcguirewoods.com
                          pdillard@mcguirewoods.com

                          *Counsel for Plaintiff Dunlap Crossing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of January, 2026, a true and accurate copy of Plaintiff's Motion for Protective Order was filed via CM/ECF, which will send a notice of electronic filing to all counsel of record.

*/s/ Garrett H. Hooe*
